REVISED, OCTOBER 26, 2000

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11090
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

October 5, 2000

Before DAVIS, JONES and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Willie Foster was indicted and convicted by a jury of three counts of presenting false, fictitious and fraudulent claims to the government in violation of 18 U.S.C. § 287 and § 2. Foster made the fraudulent claims in the 1996 income tax returns of three different individuals for payment of a tax refund. Each count charged that Foster made a claim for "black taxes in the amount of $43,209" and that he knew the claims were false,

fictitious and fraudulent.  After conviction, the district court sentenced Foster to 24 months imprisonment, supervised release and a $300 special assessment.  On appeal, Foster contends that the district court erroneously refused to charge the jury that materiality is an essential element of § 287 false claims offenses, and that such error prejudiced his defense and was not harmless. Because we conclude that even if the § 287 violations at issue in this case required a jury instruction on materiality, the court's error was harmless, we affirm.

Both Foster and the government urged this court to trace the lengthy history of § 287 violations in light of the Supreme Court's recent spate of rulings on materiality requirements in connection with fraud-based federal criminal statutes.  Such an endeavor, though it might be interesting, is entirely unnecessary here.  In Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827 (1999), the Supreme Court held that the omission of a jury instruction on materiality, where that is an essential element of a federal offense, is subject to harmless-error analysis.[1]  Thus, if the constitutional error was harmless beyond a reasonable doubt, the conviction can stand.  Neder, 527 U.S. at 15, 119 S.Ct. at 1836.

---

[1]Although we need not decide the issue in this case, we read Neder to require a materiality instruction and the better practice would be to give the instruction in a § 28 false claim offense.

In this case, the error, if any, in omitting a materiality instruction was of such quality. As the Court said in Neder, "a false statement is material if it has 'a natural tendency to influence or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed,'" 527 U.S. at 16, 119 S.Ct. at 1827 (citations omitted). Neder then noted the conclusion of several courts that any failure to report income is material to a tax offense. Id. Here, the government argues that filing any claim for recovery of money against the United States involves a material statement. Even if that conclusion is overbroad, there is no doubt that the amounts claimed in the black tax returns that Foster assisted with were as material as they were unjustified. The huge scope of IRS's processing and review activities makes it inevitable that a sensible threshold of materiality must be applied to irregularities planted in tax refund claims. Were it not so, taxpayers would be encouraged to take advantage of IRS's practical inability to review each return individually. How low the threshold should be requires no exploration here, however, because of the large amounts claimed in these returns. We conclude, similarly to Neder, that beyond a reasonable doubt, Foster's false statements were material to the tax refund claims.

For these reasons, the judgment of conviction is AFFIRMED.

3